IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERRY BAHAM, STEPHEN TURNER, AND YALONDA STUBBS | * * * | CIVIL ACTION NO. |
| Plaintiffs | * * | JUDGE: |
| | * | MAGISTRATE: |
| VERSUS | * * | |
| TIMMY MOORE, LOVORN & LOVORN TRUCKING, INC., AND NATIONAL FIRE AND MARINE INSURANCE COMPANY | * * * * | |
| Defendants | * | |

*******************************************************************************

## COMPLAINT

NOW INTO COURT, through undersigned counsel, come Plaintiffs, TERRY BAHAM, STEPHEN TURNER, AND YALONDA STUBBS, all persons of the full age of majority and residents of and domiciled in the Parish of Orleans, State of Louisiana, who respectfully submit the following Complaint:

### INTRODUCTION

1.

This cause of action arises out of a motor vehicle collision that occurred on or about September 27, 2017, in the Parish of Orleans, State of Louisiana.

### THE DEFENDANTS

2.

Made Defendants herein are:

    A.    TIMMY MOORE ("Defendant Moore"), a person of the full age of the majority and resident of and domiciled in the County of Vardaman, State

of Mississippi;

B.  LOVORN & LOVORN TRUCKING INC., (hereinafter, "Lovorn"), a foreign corporation upon information and belief, incorporated in the State of Mississippi and having its principal place of business in the State of Mississippi, who upon information and belief was at all times relevant herein the owner of the vehicle that caused the September 27, 2017, motor vehicle collision at issue and the entity that employed Defendant Moore while he was driving in the course and scope of his employment at the time of the September 27, 2017, motor vehicle collision; and

C.  NATIONAL FIRE & MARINE INSURANCE COMPANY, (hereinafter "National"), a foreign insurance company authorized to do and doing business in the State of Louisiana, incorporated in a State other than the State of Louisiana and having its principal place of business in a State other than the State of Louisiana, who upon information and belief was at all times relevant hereto the insurer of the vehicle driven by Defendant Moore and owned by Lovorn.

**JURISDICTION AND VENUE**

3.

This Court has jurisdiction over this proceeding pursuant to 28 USC § 1332 due to the complete diversity of the parties, and that the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and cost.

4.

Venue is proper in this Court pursuant to 28 USC § 1391(b)(2) as the district in which a substantial part of the events giving rise to this claim occurred.

## FACTS

5.

On or about September 27, 2017, Terry Baham was the owner and operator of a 2006 Ford F250, traveling in the middle lane of Interstate 10 near the Elysian Fields exit.

6.

Plaintiffs, Stephen Turner and Yalonda Stubbs, were passengers in the Baham vehicle at the time of the September 27, 2017 crash.

7.

At the same date and time, Defendant Moore was driving a 2007 Peterbilt 379 commercial vehicle (VIN: 1XP5DB9XX7N682063) with an attached box trailer, eastbound on I-10 in the right hand lane of traffic.

8.

Defendant Moore admitted to the investigating officer that he negligently failed to keep a proper lookout and attempted to change from the right lane to the middle lane of the I-10 near the Elysian Fields exit, causing his vehicle to abruptly enter Plaintiffs' lane of travel and collide with Plaintiffs' vehicle.

9.

As a result of Defendant Moore colliding with the Baham vehicle, Terry Baham, Stephen Turner and Yalonda Stubbs were violently jolted inside the vehicle.

10.

Defendant Moore was cited by the New Orleans Police Department for improper lane change.

11.

The vehicle being driven by Defendant Moore was owned by Lovorn and Defendant Moore was within the course and scope of his employment with Lovorn when he crashed into the vehicle containing Plaintiffs.

## FAULT OF TIMMY MOORE

12.

The above described September 27, 2017 motor vehicle collision and the resulting injuries to Plaintiffs were caused through the negligence of Defendant Moore, which negligence includes, but is not limited to, the following actions and/or inaction:

a) Disregarded traffic conditions;

b) Gross negligence;

c) Failure to maintain proper control of a vehicle;

d) Failure to maintain a proper lookout and/or being distracted or inattentive;

e) Failure to take all reasonable evasive action to avoid a collision at issue herein;

f) Failure to yield;

g) Failure to properly change lanes;

h) Failure to see what should have been seen;

i) Improper lane usage;

j) Operation of the vehicle in a reckless and/or negligent manner;

k) Acting in violation of the laws of the State of Louisiana and/or the Parish of Orleans,

all of which acts may be properly proven at the trial of this matter; and

l) Any and all other acts of negligence or fault which may be proven during the investigation and/or trial of this matter and that violate the laws of Louisiana and/or applicable ordinances which are hereby pleaded and adopted by reference.

## LIABILITY OF LOVORN & LOVORN TRUCKING, INC.

13.

As a result of the foregoing, and as per applicable Louisiana law including, but not limited to, the Doctrines of Respondeat Superior; negligent entrustment; negligent hiring, training, and supervision; principal and agent; permissive use; vehicle owner with responsibility for maintenance and upkeep; and/or master-servant doctrines, said Lovorn is a proper party-defendant and is responsible for the negligence and/or liability attributed to Defendant Moore.

## LIABILITY OF NATIONAL FIRE & MARINE INSURANCE COMPANY

14.

National Fire & Marine Insurance Company, at all times relevant herein, had in full force and effect a policy of liability insurance coverage in favor of defendants, Lovorn, as owner, and Defendant Moore, as operator of the insured vehicle, for his negligence in connection with the September 27, 2017, motor vehicle collision at issue herein. As a result of the foregoing and as per applicable Louisiana law, National has been named herein as party- defendant, and is answerable and/or responsible for the negligence and/or liability of Defendant Moore and Lovorn.

## DAMAGES

15.

As a result of said September 27, 2017, motor vehicle collision, Mr. Terry Baham suffered personal and bodily injuries including, but not limited to, injuries to his neck and back. All of his damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

16.

Mr. Baham's injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant Moore and his failure to operate his vehicles in a proper, prudent, and safe manner.

17.

As a result of the motor vehicle collision at issue, Mr. Baham suffered severe physical and mental injuries as well as inconvenience, entitling him to recover damages including, but not limited to:

a) Past, present, and future mental pain and suffering;

b) Past, present, and future physical pain and suffering;

c) Past, present, and future medical expenses;

d) Loss of enjoyment of life;

e) Property damage;

f) Past, present, and future lost earnings;

g) Loss of earning capacity; and

h) All damages allowed under Louisiana law which may be proven at the trial of this matter.

18.

As a result of said September 27, 2017, motor vehicle collision, Mr. Stephen Turner suffered personal and bodily injuries including, but not limited to, injuries to his neck and back. All of his damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

19.

Mr. Turner's injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant Moore and his failure to operate his vehicles in a proper, prudent, and safe manner.

20.

As a result of the motor vehicle collision at issue, Mr. Turner suffered severe physical and mental injuries as well as inconvenience, entitling him to recover damages including, but not limited to:

a) Past, present, and future mental pain and suffering;

b) Past, present, and future physical pain and suffering;

c) Past, present, and future medical expenses;

d) Loss of enjoyment of life;

e) Past, present, and future lost earnings;

f) Loss of earning capacity; and

g) All damages allowed under Louisiana law which may be proven at the trial of this matter.

21.

As a result of said September 27, 2017, motor vehicle collision, Ms. Yalonda Stubbs suffered personal and bodily injuries including, but not limited to, injuries to her neck and back. All of her damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

22.

Ms. Stubbs's injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant Moore and his failure to operate his vehicles in a proper, prudent, and safe manner.

23.

As a result of the motor vehicle collision at issue, Ms. Stubbs suffered severe physical and mental injuries as well as inconvenience, entitling her to recover damages including, but not limited to:

    a) Past, present, and future mental pain and suffering;

    b) Past, present, and future physical pain and suffering;

    c) Past, present, and future medical expenses;

    d) Loss of enjoyment of life;

    e) Past, present, and future lost earnings;

    f) Loss of earning capacity; and

    g) All damages allowed under Louisiana law which may be proven at the trial of this matter.

**WHEREFORE**, Plaintiffs, Terry Baham, Stephen Turner, and Yalonda Stubbs pray that Defendants, TIMMY MOORE, LOVORN & LOVORN TRUCKING INC., AND NATIONAL FIRE & MARINE INSURANCE COMPANY be served with a copy of this Complaint, and, after being duly summoned to appear and respond thereto, and after the expiration of all legal delays, and due proceedings are had, there be judgment in favor of Plaintiffs and against Defendants in an amount of damages reasonable and found reasonable at trial, including penalties and attorney's fees as allowed by law, together with legal interest thereon, from the date of judicial demand until paid in full, as well as all costs of these proceedings, and all other general and equitable relief.

                 Respectfully Submitted,

                 **PANDIT LAW FIRM, LLC**

BY:  ___*/s/ Jason M. Baer*_____
     **JASON M. BAER (# 31609)**
     **CASEY C. DEREUS (# 37096)**
     **JOSHUA A. STEIN (# 37885)**
     701 Poydras Street, Suite 3950
     New Orleans, LA 70139
     Telephone: (504) 313-3800
     Facsimile: (504) 313-3820
     Email: jstein@panditlaw.com
     *Counsel for Plaintiffs*

**PLEASE SERVE:**

**TIMMY MOORE**
36 CR 121 Unit 4
Vardaman, MS 38878
Through the Louisiana Secretary of State pursuant to L.R.S. 13:3474:
8585 Archives Ave
Baton Rouge, LA 70809

*Continued on next page*

**LOVORN & LOVORN TRUCKING, INC.**
164 Dentontown
Calhoun City, MS 38916
Through the Louisiana Secretary of State pursuant to L.R.S. 13:3474
8585 Archives Ave
Baton Rouge, LA 70809

**NATIONAL FIRE & MARINE INSURANCE COMPANY**
Through Its agent for service of process:
Louisiana Secretary of State
8585 Archives Avenue Baton Rouge, LA 70809