UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRY BAHAM, ET AL. | CIVIL ACTION |
| VERSUS | NO. 18-8881 |
| LOVORN & LOVORN TRUCKING, INC., ET AL. | SECTION "A" (3) |

## ORDER AND REASONS

Before the Court are two motions to strike filed by the Plaintiffs. First, a **Motion to Strike Dr. Najeeb Thomas on Rule 26 Disclosure (Rec. Doc. 80)**. Second, a **Motion to Strike Wayne Winkler as Expert (Rec. Doc. 82)**. These two motions are both opposed. Further, these motions are set for submission on April 1, 2020 and are before the Court on the briefs without oral argument.

### I. BACKGROUND

This case arises out of a motor vehicle accident that occurred in Orleans Parish on September 27, 2017. (Rec. Doc. 1, p. 3, The Plaintiffs' Complaint). The Plaintiffs allege that, on the day of the accident, Terry Baham was driving his Ford F250 in the middle lane of Interstate 10 near the Elysian Fields exit with Stephen Turner and Yalonda Stubbs in the passenger seats. *Id*. at 3. While the Plaintiffs were driving in the middle lane, the Defendant Moore tried to change lanes and struck the Plaintiffs' vehicle. *Id*. at 3. As a result of this collision, the Plaintiffs claim that they were all "violently jolted" inside their vehicle and received serious injuries. *Id*.

### II. DISCUSSION

#### A. The Plaintiffs' Motion to Strike Dr. Najeeb Thomas' Testimony

As a result of the Plaintiffs' injuries, the Defendants plan on calling Dr. Najeeb Thomas at trial to provide expert medical testimony in this case. (Rec. Doc. 80-1, p. 2, The Plaintiffs' Motion to Strike). However, the Plaintiffs in their Motion to Strike claim that, "[the] Defendant[s]

ha[ve] failed to follow the Federal Rules of Civil Procedure 26(a)(2)(B)." *Id*. Specifically, the Plaintiffs argue that, "[the] Defendant[s] ha[ve] never provided to [the] Plaintiff[s] Dr. Thomas' qualifications and recent publications; disclosed Dr. Thomas' recent expert testimony; nor provided Dr. Thomas' compensation, which are all required under FRCP 26(a)(2)(B)." *Id*. Thus, the Plaintiffs contend that, "Dr. Najeeb Thomas must be struck from testifying under FRCP 37(c)(1)." *Id*. Conversely, the Defendants note that the Plaintiffs filed their motion to strike on March 15, 2020. Rec. Doc. 86, p. 1, The Defendants' Opposition). Thus, the Defendants argue that this motion is untimely because "[t]he deadline to file motions to strike passed on January 31, 2020." *Id*.

Because of the circumstances surrounding the COVID-19 outbreak, the Court on March 18, 2020 continued this matter's trial date. (Rec. Doc. 84). Accordingly, since this matter does not have a close approaching trial date, the Court will provide the Defendants with twenty-one days to provide the Plaintiffs with Dr. Thomas' (1) qualifications, (2) recent publications, (3) recent expert testimony, and (4) compensation. However, this ruling does not extend any other deadlines in this matter. Assuming the Defendants comply with this Order, Dr. Thomas' testimony will not be stricken.

### B. The Plaintiffs' Motion to Strike Wayne Winkler's Testimony

On March 11, 2020, the Court ordered that the Defendants' expert Wayne Winkler was "precluded from testifying about any unrelated, and allegedly fraudulent, accidents that lack any type of tangible connection to the Plaintiffs involved in this case." (Rec. Doc. 76, p. 16, Court's Order). The Court then ordered the Defendants to refile a redacted version of Winkler's report. *Id*. Although the Defendants refiled Winkler's redacted report, this report still contains unredacted references to (1) a report by Dr. Helmut Schneider which calculated the odds of an increased number of sideswipe crashes between 2013 and 2018 in the New

Orleans area and (2) the National Insurance Crime Bureau's ("NICB") list of known indicators of staged or caused accidents. (Rec. Doc. 77, Winkler's Redacted Report).

Here, the Court concludes that any references to these two items in Winkler's report must be redacted. These two items have no relation to the Plaintiffs in this case. For instance, Winkler specifically uses the NICB's list of known indicators of staged accidents to conclude that, "[b]ased upon my review of the evidence surrounding this case . . . it is my opinion that the established abnormal patterns among them are consistent with items on the NICB list of known indicators of staged/caused accidents." *Id*. at 11. The Court's order on March 11, 2020 was specifically issued to prevent this type of testimony. Thus, the Defendants must refile Winkler's report and redact any references or opinions relating to (1) Dr. Schneider's report and (2) the NICB's list of known indicators of staged accidents. Further, in exercising its discretion, the Court denies the Plaintiffs' request for sanctions and attorney's fees against the Defendants and denies the Plaintiffs' request to reconsider Winkler's qualifications.

Accordingly;

**IT IS ORDERED** that the **Motion to Strike Dr. Najeeb Thomas on Rule 26 Disclosure (Rec. Doc. 80)** filed by the Plaintiffs is **DENIED**. However, the Defendants have twenty-one days from the entry of this Order to provide the Plaintiffs' with Dr. Thomas' (1) qualifications, (2) recent publications, (3) recent expert testimony, and (4) compensation. This ruling does not extend any other deadlines in this matter.

**IT IS FURTHER ORDERED** that the **Motion to Strike Winkler as Expert (Rec. Doc. 82)** filed by the Plaintiffs is **GRANTED IN PART AND DENIED IN PART**. The Defendants must refile Winkler's report and redact any references or opinions and Winkler shall not testify as it relates to (1) Dr. Schneider's report and (2) the NICB's list of known indicators of staged accidents. Further, the Court denies the Plaintiffs' request for sanctions and attorney's fees

against the Defendants and denies the Plaintiffs' request to reconsider Winkler's qualifications.

April 13, 2020

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE