**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TERRY BAHAM, STEPHEN TURNER AND YALONDA STUBBS** | **PLAINTIFFS** |
| **VERSUS** | **CAUSE NO. 2:18-cv-08881** |
| **TIMMY MOORE, LOVORN & LOVRN TRUCKING, INC., AND NATIONAL FIRE AND MARINE INSURANCE COMPANY** | **DEFENDANTS** |
| | **JUDGE JAY C. ZAINEY** |
| | **MAGISTRATE DANA M. DOUGLAS** |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
PARTIAL SUMMARY JUDGMENT MOTION ON THE ISSUE OF
MEDICAL CAUSATION**

COME NOW Defendants Timmy Moore, Lovorn & Lovorn Trucking, Inc. and National Fire and Marine Insurance Company, by and through the undersigned counsel, who respond to Plaintiffs' Partial Summary Judgment Motion on the Issue of Medical Causation.

**1.**

**Plaintiffs' Motion is Untimely**

October 1, 2019 was this the dispositive motion deadline in this case.[1] Plaintiffs' motion, filed approximately 16 months after the deadline, is untimely. It should not be considered.

**2.**

**Plaintiffs Baham and Turner Underwent IMEs by Dr. Najeeb Thomas,
Defendants' Designated Witness**

Plaintiffs incorrectly argue that "The only IME requested by Defendant in this case concerned Yalanda Stubbs. Defendant does not have listed any medical physicians nor expert

---

[1] R. Doc. No. 9—Sched. Order, ¶ 4 (Dec. 18, 2018).

{01164982 - v1}

testimony who can or will refute the findings of causation concerning Baham or Turner's injuries."[2]

On September 29, 2019, Defendants filed their Witness and Exhibit lists designating, among others "Najeeb Thomas, M. D.—Neurosurgeon, Southern Brain and Spine, 3798 Veterans Blvd., Metairie, Louisiana, 70002; expert testimony regarding medical causation and Plaintiff*s'* respective medical treatment; independent medical examinations of Plaintiff*s*."[3]

Plaintiffs Baham and Turner underwent independent medical examinations performed by Dr. Najeeb Thomas on November 21, 2019.  Dr. Thomas thereafter prepared reports regarding the respective examinations.

On January 6, 2020, Mary Soleto, the undersigned's assistant emailed and faxed both reports to Plaintiffs' counsel Vanessa Motta.[4]

**3.**

**The Jury Should Decide Causation Because Genuine Issues of Material Fact Remain**

Regarding his examination of Baham, Dr. Thomas concluded:

IMPRESSION: At this point, Mr. Baham *continues to complain of pain*. He does have previous injuries from an accident in 2014 for his neck and by his history and that pain did resolve. *By his history*, he did injure his neck in 2017 and it appears to be muscular in nature as he describes tenderness to the muscle but his range of motion is normal, his strength is normal, his reflexes are normal, and his MRI of the cervical spine is normal. I do not believe he needs any injections. I do not believe he needs any surgical intervention. He is at MMI at this point. He is not taking any pain medications. Whatever muscular pain he has, he has to live with and he may continue to work without restrictions. Relative to his lumbar spine, by his history he injured it related to an accident in 2018 and the pain only comes and goes intermittently. He has an MRI of the lumbar spine which is normal. would not recommend any intervention to the lumbar spine. *I am not certain to the etiology* as to why he has continued pain in his cervical spine at this point as it is really not relieved with any activities or maneuvers in addition to the

---

[2] R. Doc. No. 99-1—Pls.' Memo. In Support of P. S. J., Ex. 1 (Feb. 2, 2021).
[3] R. Doc. No. 29 (emphasis added) (Sept. 29, 2019).
[4] Exhibit 1—Aff. M. Soleto, inclusive of Exhibit 1-1, attached thereto (Feb. 11, 2021).

normal MRI findings.[5]

Regarding his examination of Turner, Dr. Thomas concluded:

IMPRESSION: At this point, Mr. Turner is over two years out from his injury. He is very functional at this point and takes tramadol approximately a few times a month. He has no neurologic deficits and has very good range of motion, both in his cervical and lumbar spine. At this point I do not believe any surgical intervention is warranted. *The changes I see on the MRI on 11/22/2017 are preexisting degenerative changes which clearly predated the accident based on the osteophytes and disc osteophyte complexes*. Based on his history, he began to get pain subsequent to the accident and likely inflamed some preexisting degenerative changes. He states now he has good days and bad days, and those good days and bad days are likely related to his ongoing degenerative changes. *As he did not get much relief from injections, I do not believe any further injections are warranted.* He may continue working in commercial A/C.[6]

Dr. Thomas' testimony will establish that there are indeed differing opinions on Baham and Turner's conditions, the causes thereof and treatment.

The undersigned certifies that the attached affidavits (Exhibits 2 and 3) were sent to Dr. Thomas for his signature and notarization on February 8, 2021. Thereafter, the undersigned's staff regularly followed-up with Dr. Thomas' assistant who advised that the affidavit executions were in process. Today, February 15, 2021, the undersigned's staff was advised that Dr. Thomas' office is closed, apparently due to widespread inclement winter weather in the area.

The undersigned certifies further that he and his staff will continue to attempt to contact Dr. Thomas to obtain his executed affidavits to submit to the Court before submission date for Plaintiffs' motion.

**4.**

**Dr. Eric Lonseth's Affidavit is an Untimely Second Expert Report**

In support of their motion, Plaintiffs submitted Dr. Eric Lonseth's affidavit which

---

[5] Exhibit 2—Aff. of N. Thomas, M. D., inclusive of IME Report/Exhibit attached thereto (emphasis added) (awaiting executed copy).
[6] Exhibit 3—Aff. of N. Thomas, M. D., inclusive of IME Report/Exhibit attached thereto (emphasis added) (awaiting executed copy).

{01164982 - v1}

contains a causation statement.  A review of Plaintiffs' medical records, performed by Defendants' counsel, did not reveal a causation statement by Dr. Lonseth.  Therefore, his causation statement, contained in his affidavit, is, essentially, a second expert report which is untimely.  Plaintiffs' expert reports were due on or before November 15, 2019.[7]  His affidavit should be stricken; it should not be considered.

## Conclusion and Relief Requested

Because of these genuine issues of material fact, the jury should decide medical causation.  Plaintiffs' motion should be denied.  Further, Dr. Lonseth's affidavit should not be considered.

Respectfully submitted:

**BURGLASS & TANKERSLEY, LLC**

s/Joseph J. Valencino
ANDRÉ C. GAUDIN  (#20191)
JOSEPH J. VALENCINO, III (#32791)
5213 Airline Drive
Metairie, Louisiana 70001-5602
Telephone:  (504) 836-0416
Facsimile:  (504) 287-0456
email:  agaudin@burglass.com
           jvalencino@burglass.com
***Attorneys for Defendants Timmy Moore, Lovorn & Lovorn Trucking, Inc. and National Fire and Marine Ins. Co.***

---

[7] R. Doc. No. 31.

{01164982 - v1}

## CERTIFICATE OF SERVICE

 I, Joseph J. Valencino, III, one of the attorneys for Defendants Timmy Moore, Lovorn & Lovorn Trucking, Inc. and National Fire and Marine Insurance Company certify that I have this day served a true and correct copy of the above and foregoing Opposition to Plaintiffs' Partial Summary Judgment Motion on the Issue of Liability on the following counsel of record via the Court's ECF system:

 Vanessa Motta
 3632 Canal Street
 New Orleans, LA 70119
 email: Vanessa@Mottalaw.com

 Counsel for Plaintiffs

 THIS the 15th day of February, 2021.

               s/Joseph J. Valencino

{01164982 - v1}