# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRY BAHAM, STEPHEN TURNER AND YALONDA STUBBS** | **PLAINTIFFS** |
| **VERSUS** | **CAUSE NO. 2:18-cv-08881** |
| **TIMMY MOORE, LOVORN & LOVRN TRUCKING, INC., AND NATIONAL FIRE AND MARINE INSURANCE COMPANY** | **DEFENDANTS** |
| | **JUDGE JAY C. ZAINEY** |
| | **MAGISTRATE DANA M. DOUGLAS** |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' PARTIAL SUMMARY JUDGMENT MOTION ON THE ISSUE OF LIABILITY

COME NOW Defendants Timmy Moore, Lovorn & Lovorn Trucking, Inc. and National Fire and Marine Insurance Company, by and through the undersigned counsel, who respond to Plaintiffs' Partial Summary Judgment Motion on the Issue of Liability.

### 1.

### Plaintiffs' Motion is Untimely

October 1, 2019 was this the dispositive motion deadline in this case.[1]  Plaintiffs' motion, filed approximately 16 months after the deadline, is untimely.  It should not be considered.

### 2.

### The Uniform Motor Vehicle Traffic Crash Report is Inadmissible Hearsay

Plaintiffs cite the subject Uniform Motor Vehicle Traffic Crash Report (Exhibit 1) in support of their motion.  In it, Officer Jonathan Broom stated "[Moore] stated he was traveling west on Chef Menteur Highway in the right lane when he attempted to switch to the middle lane

---

[1] R. Doc. No. 9—Sched. Order, ¶ 4 (Dec. 18, 2018).

he struck [Plaintiffs]."[2]  This statement is merely an alleged report of what Officer Broom said Moore said.  It is inadmissible hearsay because it is a statement that 1) Moore did not make while testifying at the current trial or hearing and 2) that Plaintiffs now offer in evidence to prove the truth of the matter asserted in the statement.[3]  The Eastern District has previously held that a "Vehicle Traffic Crash Report relied upon by the plaintiff is inadmissible hearsay evidence pursuant to *Federal Rule of Evidence 802, et seq*."[4]  And this Court ruled, almost a year ago, that "Officer Broom's accident report shall not be admitted into evidence."[5]

"A party may object that the material cited to support [a summary judgment motion,]. . .a fact cannot be presented in a form that would be admissible in evidence."[6]  Defendants object to Exhibit 1 on grounds that it is inadmissible hearsay.

### 3.

### Because the Parties Dispute Liability, the Jury Should Decide This Case

The dispute since this case began has centered on what caused the accident, not that an accident occurred.  Plaintiffs, in their motion, nonetheless conflate the two.  They cite Defendant Timmy Moore's deposition testimony, stating that he saw Plaintiffs' vehicle and changed lanes, to argue that causation is conclusive.[7]  It is not.

The mere fact that an automobile accident happened does not create a negligence inference.  Rather, as this Court has stated "Negligence is an affirmative fact that is not presumed but must be proved by the party who alleges it."[8]  At trial, Plaintiffs must prove liability.  They must prove that Moore's conduct was both the cause-in-fact and the legal cause of their alleged

---

[2] R. Doc. No. 99-1—Pls.' Memo. In Support of P. S. J., Ex. 1 (Feb. 2, 2021).
[3] Fed. R. Evid. 801(c)(1)(2).
[4] *Tyler v. Old Am. County Mut. Fire Ins. Co.*, 2006 U.S. Dist. LEXIS 13827 * 6 (E. D. La. 2006).
[5] R. Doc. No. 76—Order & Reasons, ¶ B.ii. (Mar. 11, 2020).
[6] Fed. R. Civ. Pro. 56(c)(2).
[7] R. Doc. No. 99-1—Pls.' Memo. In Support of P. S. J., pgs. 3-4.
[8] *Sheane v. Phoenix Ins. Co.*, 208 F. Supp. 407, 410 (E. D. La. 1962); citing *Sumrall v. Aetna Casualty & Surety Co.*, 124 So. 2d 168 (La. App. 2 Cir. 1960); *Oliver v. Pitarro*, 129 So. 2d 39 (La. App. 2 Cir. 1961).

injuries.[9] At trial, the jury will hear Moore testify that he does not know what caused the accident:

> A: I don't know if I hit him or not, just to be honest with you.[10]
> . . .
> Q: So, you don't know if you even hit Vehicle 2?
> A: That's right.[11]
> . . .
> A: I just don't know if I hit them or not.[12]
> . . .
> Q: So, is this – you're saying that you didn't tell Greg [Lovorn] that a car ran into your trailer?
> A: I told him that they said I run into them and that was it.[13]
> . . .
> Q: So, it's your testimony today that you don't know how it happened?
> A: No.
> Q: You don't know how the other vehicle had damage on the whole passenger side?
> A. Do not know.[14]
> . . .
> Q: Mr. Moore, remember we did your discovery responses back earlier in the year? Do you remember that?
> A: Yes.
> Q: And in those you mentioned. . .you were in an accident. . .?
> A: That's what I answered, yes.
> Q: Okay. But now today you are saying that you weren't in one, right? Can you tell me why there is a difference?
> A: Ah, I don't think I was in it 'cause I didn't feel no accident by hitting nobody or nothing like that. I don't know.
> Q: And --
> A: They were telling me I hit him. I don't know. I don't remember hitting nobody or nothing like that.[15]

Nor did Moore recall making any contact with the Plaintiffs' vehicle in his response to Plaintiffs' Requests for Admission, which the jury will read:

---

[9] *South Central Bell Tel. Co. v. Sewerage & Water Bd.*, 94-1648, 1649 (La. App. 4 Cir. 3/16/95), 652 So. 2d 1090; citing *Roberts v. Benoit*, 605 So. 2d 1032, 91-0394 (La. 9/9/91).
[10] Exhibit 1—Depo. T. Moore, 43:13-14 (Sept. 23, 2019).
[11] *Id.* at 44:1-3.
[12] *Id.* at 44:25.
[13] *Id.* at 52:5-8.
[14] *Id.* at 65:6-11.
[15] *Id.* at 67:10-25, 68:1-4.

REQUEST NO. 3:   Admit that the vehicle operated by you, Timmy Moore, made contact with the vehicle containing Plaintiffs on September 27, 2017.

RESPONSE: Denied.[16]

The sworn testimony and discovery above establishes that the parties' evidence differs on liability. Because there are genuine issues of material fact relative to causation, summary judgment is not appropriate. The jury should decide liability.

**4.**

**The Jury Will Decide What Weight, if Any, to Give to Moore's Traffic Citation/Guilty Plea**

Plaintiffs cite *Phillips v. Roofers Mart Southeast, Inc*.[17] to argue that, because Moore pleaded guilty by paying his traffic citation, the plea "is an admission which constitutes competent evidence in a subsequent civil trial."[18] This standard that should not be applied at the summary judgment stage. Raising this issue now creates a proverbial red herring.

A closer reading of the case indicates that the plaintiff alleged that Boudreaux struck him with his motor vehicle causing injuries.[19] Boudreaux received a traffic citation to which he plead guilty because it was inconvenient to return from out-of-state to continue his citation challenge.[20] The jury found for Boudreaux and plaintiff moved for a directed verdict arguing that "Boudreaux was the sole cause of the accident" which the Court denied.[21] The Court held that

> After considering the arguments raised in the parties' briefs and the applicable law, the Court declines to reverse the jury's verdict finding that Mr. Boudreaux was not negligent. . .At the trial, the parties put on evidence and testimony to portray competing sets of facts as to what happened at the accident involving Plaintiff and Mr. Boudreaux. . .*It is conceivable that the jury, in deliberating. . . found that the ticket* issued to Mr. Boudreaux, *which he* attempted to challenge, but ultimately *plead to*, as well as the police report, *[was] not determinative of*

---

[16] Exhibit 2—Def. T. Moore's Responses to Pls.' Req. for Admission (Feb. 8, 2019).
[17] *Phillips v. Roofers Mart Southeast, Inc*., 2010 U.S. Dist. LEXIS 130606 *; 2010 WL 4924769 (E. D. La. 2010).
[18] R. Doc. No. 99-1—Pls.' Memo. In Support of P. S. J., p. 4.
[19] *Phillips v. Roofers Mart Southeast, Inc*., 2010 U.S. Dist. LEXIS 130606 * 1-2.
[20] *Id*. at *13.
[21] *Id*. at *4.

*what happened during the accident. . .*

When, as has occurred in the present case, a defendant pleads guilty to a traffic violation, this admission constitutes competent evidence *in a subsequent civil trial, but is not conclusive of negligence*.[22]

At this stage, the parties are not a "subsequent civil trial." The jurors in this case, like the jurors in *Phillips v. Roofers Mart Southeast, Inc*. will decide what weight, if any, to give to Moore's guilty plea.

### 5.

**Officer Broom's Body Camera Video is Not Competent Summary Judgment Evidence**

Plaintiffs argue that Officer Broom's body camera video depicts "Defendant Moore [admitting] to the NOPD investigating officer that in the process of changing lanes he believed he struck Plaintiffs vehicle. This admission can be heard on the body camera of the investigating NOPD officer."[23]

Plaintiff did not attach the video as an exhibit. But, to the extent Plaintiffs seek to rely on it, Defendants object on grounds that it is competent summary judgment evidence. Defendants object further on grounds of lack of foundation and authentication.

If the Court considers the video, however, Defendants note that Plaintiffs' quotation above is taken out of context. The undersigned's transcription of the subject audio is below.

| | |
|---|---|
| Broom: | What happened? |
| Moore: | Huh? |
| Broom: | What happened?! |
| Moore: | They said I side swiped them *but I didn't think I touched* them but I guess I did, it was [incomprehensible] on my trailer. . .[24] |

### Conclusion and Relief Requested

Liability should be decided by the jury, not on summary judgment. The conflicting

---

[22] *Id*. at *9, *11 (emphasis added).
[23] R. Doc. No. 99-1—Pls.' Memo. In Support of P. S. J., p. 2.
[24] Officer J. Broom, body camera audio (emphasis added) (Sept. 17, 2017).

{01163199 - v1}

deposition testimony of the parties establishes that there are genuine issues for the jury to evaluate. The issue of Moore's traffic citation/guilty plea is a red herring and the jury should weigh it, and all of the evidence at trial. the issue at trial. Plaintiffs' motion should be denied.

          Respectfully submitted:

          **BURGLASS & TANKERSLEY, LLC**

          s/Joseph J. Valencino
          ANDRÉ C. GAUDIN  (#20191)
          JOSEPH J. VALENCINO, III (#32791)
          5213 Airline Drive
          Metairie, Louisiana 70001-5602
          Telephone:  (504) 836-0416
          Facsimile:  (504) 287-0456
          email:  agaudin@burglass.com
                  jvalencino@burglass.com
          ***Attorneys for Defendants Timmy Moore, Lovorn & Lovorn Trucking, Inc. and National Fire and Marine Ins. Co.***

{01163199 - v1}

## CERTIFICATE OF SERVICE

     I, Joseph J. Valencino, III, one of the attorneys for Defendants Timmy Moore, Lovorn & Lovorn Trucking, Inc. and National Fire and Marine Insurance Company certify that I have this day served a true and correct copy of the above and foregoing Opposition to Plaintiffs' Partial Summary Judgment Motion on the Issue of Liability on the following counsel of record via the Court's ECF system:

    Vanessa Motta
    3632 Canal Street
    New Orleans, LA 70119
    email: Vanessa@Mottalaw.com

    Counsel for Plaintiffs

    THIS the 15th day of February, 2021.

                                                    s/Joseph J. Valencino