UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRY BAHAM, ET AL. | CIVIL ACTION |
| VERSUS | NO: 18-8881 |
| TIMMY MOORE, ET AL. | SECTION: "A" (3) |

**ORDER AND REASONS**

Before the Court are a **Rule 56 Motion for Partial Summary Judgment on the Issue of Liability (Rec. Doc. 99)** and a **Rule 56 Motion for Partial Summary Judgment on the Issue of Medical Causation (Rec. Doc. 100)** filed by Plaintiffs. Defendants Timmy Moore, Lovorn & Lovorn Trucking, Inc., and National Fire and Marine Insurance Company oppose these motions. For the following reasons, both Motions are DENIED.

**I.    BACKGROUND**

This case arises out of a motor vehicle accident that occurred in Orleans Parish on September 27, 2017. (Rec. Doc. 1, p. 3, The Plaintiffs' Complaint). The Plaintiffs allege that, on the day of the accident, Terry Baham was driving his Ford F250 in the middle lane of Interstate 10 near the Elysian Fields exit with Stephen Turner and Yalonda Stubbs in the passenger seats. *Id.* at 3. The Defendant Timmy Moore was driving a tractor-trailer in the right-hand lane next to the Plaintiffs in the course of his employment with Lovorn & Lovorn Trucking. *Id.* While the Plaintiffs were in the middle lane, the Defendant tried to change lanes and struck the Plaintiffs' vehicle. *Id.* at 3.  As a result of this collision, the Plaintiffs claim that they were all "violently jolted" inside their vehicle and received serious injuries. *Id.* Further, when the investigating officer interviewed the Defendant Moore at the scene of the accident, Moore admitted that he "failed to keep a proper lookout and attempted to change from the

1

right lane to the middle lane[,] causing his vehicle to abruptly enter [the] Plaintiffs' lane of travel and collide with [the] Plaintiffs' vehicle." *Id.* at 3.

On September 24, 2018, the Plaintiffs filed their Complaint in the Eastern District of Louisiana against Moore, Lovorn & Lovorn Trucking, and National Fire & Marine Insurance Company. *Id.* at 1. National Fire & Marine Insurance Company allegedly insured the tractor-trailer that Moore was driving on the day of the collision. *Id.* at 2. The Plaintiffs allege that Moore's negligence caused their injuries and that Lovorn & Lovorn Trucking is liable for their damages as Moore's employer under the doctrine of *respondent superior*; negligent entrustment; and negligent hiring, training, and supervision. *Id.* at 5.

II. **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence

of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial." *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted). "We do not ... in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion." *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d. 425, 430 (E.D. La. 2005).

### III.   LAW AND ANALYSIS

Plaintiffs seek partial summary judgment on the issues of liability and causation. Plaintiffs contend that they are entitled to partial summary judgment on these issues, because (1) there are no competing theories of medical causation in this case (Rec. Doc. 100), and (2) the evidence establishes that the Defendant Timmy Moore was at fault for causing the accident (Rec. Doc. 99). Defendants argue that (1) evidence and expert testimony establish that there are differing opinions on the causes of Plaintiffs' medical conditions (Rec. Doc. 106) and (2) conflicting deposition testimony of the parties establishes that there are genuine issues of material fact regarding liability (Rec. Doc. 114).

The Court finds that there are genuine issues of material fact regarding both liability and medical causation that would be best determined by the jury at trial. "Causation is an issue of fact that is generally decided at the trial on the merits." *Estate of Adams v. Home*

*Health Care of Louisiana*, 775 So.2d 1064, 1065 (La. 2000); *see also Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-3830, 2009 WL 1393711, at *3 (E.D. La. May 18, 2009) (quoting same). The factual disputes and conflicting evidence relative to liability and causation should be weighed by the trier of fact in this case. As such, the Plaintiffs are not entitled to partial summary judgment.

Accordingly;

**IT IS ORDERED** that the **Rule 56 Motion for Partial Summary Judgment on the Issue of Liability (Rec. Doc. 99)** and the **Rule 56 Motion for Partial Summary Judgment on the Issue of Medical Causation (Rec. Doc. 100)** filed by Plaintiffs are **DENIED**.

March 25, 2021

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE